IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-04-455 |
| | § | |
| TERRY HIDALGO | § | |

## MEMORANDUM AND ORDER

This criminal case is before the Court on Defendant Terry Hidalgo's Motion for New Trial [Doc. # 334]. Based on the Court's review of the motion, the United States' response [Doc. # 341], the Court's clear recollection of the trial of this matter, and the application of governing legal authorities, the Court denies Defendant's Motion.

### I.  FACTUAL BACKGROUND

This drug conspiracy case was tried to a jury between May 9 and May 17, 2005. Only one defendant, Terry Hidalgo, went to trial. Defendant was charged in three counts, Count One (conspiracy to possess with intent to distribute methamphetamine) Count Twelve (conspiracy to commit money laundering) and Count Thirteen (a substantive money laundering charge). At trial, the Government presented evidence of the methamphetamine conspiracy, focusing largely but not exclusively on actions by Nelson Oswaldo Castro, Dionisio Garcia, Bradford Mixon Crain, Mark Anthony

Dishman, Mark Anthony Wilburn, Christopher Savoy, and Defendant. The Court dismissed Counts Twelve and Thirteen at the close of the Government's case but denied Defendant's motions for acquittal on the drug conspiracy charged in Count One.

Prior to trial, the Court granted Defendant's Motion in Limine regarding evidence of Defendant's association with the "Banditos" criminal organization. During his opening statement, the Assistant United States Attorney prosecuting this case displayed a chart to the jury. The chart included photographs of eighteen individuals, one being of Defendant. Another photograph was of Michael Girouard. Under Girouard's photograph was the notation "President Lafayette Chapter." There was a line from Defendant's photograph to the word "Bandidos" and from the word "Bandidos" to Girouard's photograph.

Defense counsel promptly requested to approach the bench and objected to the chart as a violation of the Court's ruling on Defendant's Motion in Limine. The Court ordered the United States to remove the chart from display and the Government immediately complied. The chart had been on display before the jury for no more than one minute.

During its closing argument, the prosecutor displayed the same chart, but the word "Bandidos" had been removed. Again the defense attorney objected and again

the Court ordered the Government to remove the chart from display. The chart, without the word "Bandidos," had been displayed to the jury for only a few minutes.[1]

## II.  ANALYSIS

A district court may grant a new trial "if the interest of justice so requires." FED. R. CRIM. P. 33(a).  A motion for a new trial "is addressed to the discretion of the court, which should be exercised with caution, and the power to grant a new trial . . . should be invoked only in exceptional cases . . . ." *See United States v. Sipe*, 388 F.3d 471, 493 (5th Cir. 2004) (citation omitted); *see also United States v. Tarango*, 396 F.3d 666, 672 (5th Cir. 2005) (the power to grant a new trial "should be exercised infrequently by district courts, unless warranted by 'exceptional' circumstances").  If the court "finds that a miscarriage of justice may have occurred at trial, . . . this is classified as such an 'exceptional case' as to warrant granting a new trial in the interests of justice." *Sipe*, 388 F.3d at 493.

The "court should not grant a motion for new trial unless there would be a miscarriage of justice or the weight of evidence preponderates against the verdict." *United States v. Wall*, 389 F.3d 457, 466 (5th Cir. 2004), *cert. denied*, __ U.S. __, 125 S. Ct. 1874 (2005).  Where, as here, the defendant relies on grounds other than the discovery of new evidence as the basis for his request for a new trial, "any error of

---

[1]  Very little, if any, argument about the chart had been presented when Defendant objected on either occasion.  The prosecutor never made mention of "Banditos" at all.

sufficient magnitude to require reversal on appeal is an adequate ground for granting a new trial." *Id.* at 474. In determining whether a prosecutor's actions during trial affected a defendant's substantial rights such that a new trial should be granted, the trial court should consider (1) the magnitude of the prejudicial effect of the prosecutor's actions; (2) the efficacy of any cautionary instructions; and (3) the strength of the evidence of the defendant's guilt. *Id.*

Defendant complains that the Government's display of the chart containing the reference to Banditos and a line between Defendant and Girouard was extremely prejudicial because the chart was meant to show the distribution of methamphetamine in the conspiracy alleged in Count One, from Mexico to Defendant and others; because the chart indicates that Defendant was a methamphetamine "distribution link" to the Banditos (which Defendant contends indicates a criminal organization) and/or to Girouard; because Defendant's photo was in a box larger than the boxes for others' photos; and because there was no evidence about several of the individuals depicted on the chart. Defendant's arguments are not grounds for a new trial.

There was no evidence in the record about Girouard or the "Lafayette Chapter," and the term Banditos was included in the Government's evidence only obliquely. The word was mentioned once during a lengthy recorded conversation in connection with "merchandise." The Court concludes that the brief display of the chart, either with or

without the word "Bandidos," did not affect Defendant's substantial rights and would not require reversal on appeal. The prejudicial effect of the brief and early display of the chart containing the word "Bandidos" was minimal. The Government did not ask questions about the Banditos or Girouard. There was no testimony associating Defendant with the organization or Girouard. Indeed, there was nothing in the record regarding Michael Girouard's position with the Banditos or explaining the words "President Lafayette Chapter."[2]

Defendant does not in his Motion argue that he made at trial or in a *limine* motion any of the other objections he now makes concerning the chart, and the Court does not recall Defendant making such complaints. These arguments about the prejudicial effect of the chart are rejected. The fact that the chart diagramed a methamphetamine distribution chain is not unfairly prejudicial; the information in the chart was supported by the evidence as to most of the individuals on the chart, and the placement of several extra people on the chart was not prejudicial. The fact that Defendant's and Girouard's photos were together in a single box that was larger than the boxes for other individuals' photos was meaningless to the jury. In sum, the Court

---

[2]   Defendant contends that the Banditos is a "notorious criminal organization." There is no evidence of this in the record. The Court doubts that jurors were aware of the organization one way or another.

finds that the placement of Defendant on the chart had a minimal prejudicial effect, did not affect Defendant's substantial rights, and would not require reversal on appeal.

Moreover, the evidence of Defendant's guilt was substantial. There is no reason to believe that the very brief display of the challenged chart played any role in Defendant's conviction, which was supported by the overwhelming weight of the evidence at trial. As a result, the Court cannot conclude that the interest of justice requires a new trial in this case.

### III.  CONCLUSION AND ORDER

Defendant has failed to show that the prosecutor's display of the challenged chart to the jury for a very brief period during opening statement and closing argument created a miscarriage of justice. The prejudicial effect of the improper display was minimal and the actual evidence of Defendant's guilt was substantial. Accordingly, it is hereby

**ORDERED** that Defendant Hidalgo's Motion for New Trial [Doc. # 334] is **DENIED**.

SIGNED at Houston, Texas, this **8th** day of **July, 2005.**

_____
Nancy F. Atlas
United States District Judge